| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| R. Grace Rodriguez, Esq.<br>21000 Devonshire Street, Suite 111<br>Chatsworth, CA 91311<br>(818) 734-7223 Fax: (818) 338-5821<br>196657 CA<br>ECF2@LORGR.COM | |

☐ Respondent appearing without attorney
☑ Attorney for Respondent:

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>Jonathan J. Deckel<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:23-bk-13235-NB<br>CHAPTER: 13<br><br>**RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT**<br><br>DATE: 06/13/2023<br>TIME: 10:00 AM<br>COURTROOM: 1545 (Via ZoomGov)<br>PLACE: 255 East Temple Street,<br>Los Angeles, California 90012 |
|---|---|
| **Movant:** COURT APPOINTED REFEREE KEVIN SINGER | |

**Respondent:** ☑ Debtor    ☐ trustee    ☐ other:

> NOTE REGARDING FILING AND SERVICE OF RESPONSE, EXHIBITS AND DECLARATIONS:
> A copy of the Response, exhibit(s) and declaration(s) must be served upon:
> (1) Movant's attorney (or Movant, if Movant does not have an attorney);
> (2) the trustee; and
> (3) the judge who presides over this bankruptcy case.
> Then the document must be filed with the court.

1. ☐ **NONOPPOSITION**

   The Respondent does not oppose the granting of the Motion.

---
This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 1    F 4001-1.RFS.RESPONSE

2. ☐ **LIMITED OPPOSITION**
   a. ☐ Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession take place before (*date*):____ and the reason for this request is (*specify*):
   b. ☐ As set forth in the attached declaration of the Respondent or the Debtor, the motion is opposed only to the extent that it seeks a specific finding that the Debtor was involved in a scheme to hinder, delay or defraud creditors.

   The Debtor:
   (1) ☐ has no knowledge of the Property.
   (2) ☐ has no interest in the Property.
   (3) ☐ has no actual possession of the Property.
   (4) ☐ was not involved in the transfer of the Property.

   c. ☐ Respondent opposes the Motion and will request a continuance of the hearing since there is an application for a loan modification under consideration at this time. Evidence of a pending loan modification is attached as Exhibit ____.

3. ☑ **OPPOSITION** The Respondent opposes granting of the Motion for the reasons set forth below.

   a. ☐ The Motion was not properly served (*specify*):

      (1) ☐ Not all of the required parties were served.
      (2) ☐ There was insufficient notice of the hearing.
      (3) ☐ An incorrect address for service of the Motion was used for (*specify*):

   b. ☑ Respondent disputes the allegations/evidence contained in the Motion and contends as follows:
      (1) ☐ The value of the Property is $____, based upon (*specify*):
      (2) ☐ Total amount of debt (loans) on the Property is $____.
      (3) ☐ More payments have been made to Movant than the Motion accounts for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit ____.
      (4) ☐ There is a loan modification agreement in effect that lowered the amount of the monthly payments. A true and correct copy of the loan modification agreement is attached as Exhibit ____.
      (5) ☐ The Property is necessary for an effective reorganization. Respondent filed or intends to file a plan of reorganization that requires use of the Property. A true and correct copy of the plan is attached as Exhibit ____.
      (6) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments are current. A true and correct copy of the chapter 13 plan is attached as Exhibit ____ and proof that the plan payments are current through the chapter 13 trustee is attached as Exhibit ____.
      (7) ☐ The Property is insured. Evidence of current insurance is attached as Exhibit ____.
      (8) ☐ Movant's description of the status of the unlawful detainer proceeding is not accurate.
      (9) ☐ Respondent denies that this bankruptcy case was filed in bad faith.
      (10) ☑ The Debtor will be prejudiced if the Nonbankruptcy Action is allowed to continue the nonbankruptcy forum.
      (11) ☑ Other (*specify*): **The Orders granting the Referee status to Kevin Singer are based upon a Defective Complaint for Partition, the defect of which has not been previously before the court. As set forth in the supporting declarations of Jonathan J. Deckel and R. Grace Rodriguez, it is mandator for the Court siting in Bankruptcy to make the determination first whether the Debtor's property is property of the bankruptcy estate, and therefore subject to the automatic stay, and the Court must determine whether the Debtor is a necessary party who has been excuded from the State Court Action. Irreversible harm will occur to the Debtor's estate if the matter is referred back to the state court, due to the fact that the Debtor has not been served as a party with an ownership interest in the subject property.**

   c. ☑ Respondent asserts the following as shown in the declaration(s) filed with this Response:

      (1) ☐ The bankruptcy case was converted from chapter ____ to chapter ____.
      (2) ☐ All postpetition arrearages will be cured by the hearing date on this motion.
      (3) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments ☐ are current, or ☐ will be cured by the hearing date on this motion.
      (4) ☑ The Debtor has equity in the Property in the amount of $ __**at least $800,000**____.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                              Page 2                              F 4001-1.RFS.RESPONSE

(5) ☐ Movant has an equity cushion of $_____ or _____% which is sufficient to provide adequate protection.
(6) ☐ The Property is necessary for an effective reorganization because (*specify*):
(7) ☑ The motion should be denied because (*specify*): **Until such time as there is a judicial determination via adversary proceeding as to the bankruptcy estate's interest in the subject property.**
(8) ☐ An optional memorandum of points and authorities is attached in support of this Response.

**4. EVIDENCE TO AUTHENTICATE EXHIBITS AND TO SUPPORT FACTS INSERTED IN THE RESPONSE:**

Attached are the following documents in support of this Response:

☑ Declaration by the Debtor
☐ Declaration by trustee
☐ Declaration by appraiser

☑ Declaration by the Debtor's attorney
☐ Declaration by trustee's attorney
☑ Other (*specify*): **Memo of Points And Authorities attached hereto.**

Date: **June 12, 2023**

**Law Offices of R. Grace ROdriguez**
Printed name of law firm for Respondent (if applicable)

**R. Grace Rodriguez**
Printed name of individual Respondent or attorney for Respondent

_/s/ R. Grace Rodriguez_
Signature of individual Respondent or attorney for Respondent

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 3    F 4001-1.RFS.RESPONSE

R. Grace Rodriguez, Esq, State Bar No. 196657
THE LAW OFFICES OF R. GRACE RODRIGUEZ
21000 Devonshire Street, Suite 111
Chatsworth, California 91311
Tel:     (818) 734-7223
Email:   ECF2@LORGR.com

Attorneys for Debtor
JONATHAN J. DECKEL

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re the<br><br>JONATHAN J. DECKEL,<br><br>Debtor | CASE NO. 2:23-bk-13235-NB<br><br>Chapter 13<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REFEREE KEVIN SINGER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PURSUE STATE COURT ACTION** |
| JONATHAN J. DECKEL,<br><br>Petitioner<br><br>v.<br><br>KEVIN SINGER, individually and in his authorized capacity as Court Appointed Referee, AMI DECKEL, individually and in his authorized capacity the Trustee of the Ami Deckel and Phoebe Deckel Family Trust dated December 24, 2003, LEONARD B. WEINSAFT<br><br>Respondents | **DATE:** June 13, 2023<br>**TIME:** 10:00 AM<br>**DEPT:** Courtroom 1545 |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

COMES NOW, Debtor/Petitioner, and does hereby oppose Referee Kevin Singer's Motion for Relief from the Automatic Stay based upon the following grounds:

///

///.

---

**850 PETITION**

### A. DEBTOR IS NOT A PARTY TO THE UNDERLYING LAWSUIT WHICH CALLS FOR THE SALE OF PROPERTY BELONGING TO THE BANKRUPTCY ESTATE

Attached to the Declaration of R. Grace Rodriguez, as Exhibit "A" is a copy of the party docket from the underlying state court action which reflects that The Debtor is not a party of the underlying lawsuit for which the Movant, Kevin Singer, seeks relief. However, the subject property which Mr. Singer seeks to sell is in fact the property of the Bankruptcy Estate.

Granting relief from the stay would prejudice the rights of the Debtor and his creditors. Debtor does not have standing in the underlying action to defend his rights in the underlying litigation in order to defend his rights. Yet Debtor's interest in the subject property, which is valued in excess of $700,000 would be permanently affected if the Referee is allowed to go back to state court to sell the property.

### B. AS A MATTER OF LAW DEBTOR'S TITLE INTEREST CREATES A PRESUMPTION OF OWNERSHIP INTEREST ON TITLE MAKING IT PROPERTY OF THE BANKRUPTCY ESTATE

When a person files for bankruptcy, an "estate" is created that includes most of the debtor's property, including legal and equitable interests in property as of the commencement of the case. This is a provision under the United States Bankruptcy Code, specifically 11 U.S.C. §541. This is done to ensure that the debtor's property is fairly distributed to the creditors. In this case, as set forth in the Declaration of Jonathan M. Deckel, he is an owner of the real property which is the subject matter of the of the underlying lawsuit identified by Movant, SINGER. See Attached Exhibit 1.

California Evidence Code section 662 provides for a presumption regarding title and ownership of property. This section is often referred to as the "title presumption." Here is the exact wording:

> "California Evidence Code Section 662 provides: 'The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof.'"

In simpler terms, if a person holds the legal title to a property, it is presumed that they also hold the beneficial interest (the right to use and enjoy the property, and to profit from it). However, this presumption can be challenged and overcome with "clear and convincing" evidence to the contrary. This might be the case in situations involving a trust, for example, where legal title and beneficial ownership can be separated.

As set forth in the Declaration of R. Grace Rodriguez no such challenge has been made nor adjudicated. The debtor is not a party to the underlying action, and no judgment was obtained against the "Unknown Parties Claiming an Interest." As such the Judgment is void as to anyone else making a claim. The referee Kevin Singer is not entitled to take action which is property of the bankruptcy estate as the Debtor has never been a party to that action.

Mr. Singer seeks Relief from Stay so it can go forward with a sale of the Bankruptcy Estate Property, which he cannot legally due until it is first determined by clear and convincing evidence that the Debtor does not have an ownership interest in the property before such relief can be granted moreover.

### C. BANKRUPTCY COURT HAS JURISDICTION TO DETERMINE WHAT IS PROPERTY OF THE BANKRUPCY ESTATE.

The bankruptcy court's jurisdiction stems from 28 U.S.C. § 1334, which grants district courts original and exclusive jurisdiction over all bankruptcy cases. District courts, in turn, typically refer these cases to bankruptcy courts. Thus, bankruptcy courts have the authority to make determinations regarding what property is part of the bankruptcy estate.

In general, the jurisdiction of the bankruptcy court can extend to matters that may impact the bankruptcy estate, including determining the ownership of real property. When a debtor files for bankruptcy, the bankruptcy court often needs to make determinations about what property is included in the debtor's bankruptcy estate.\

The primary jurisdiction of the bankruptcy court is to handle all matters directly related to the bankruptcy itself. This can include deciding which debts are dischargeable, ruling on objections to the debtor's bankruptcy plan, and managing the process of selling the debtor's assets to pay creditors.

### D. REFEREE SINGER LACKS STANDING TO SEEK RELIEF FROM STAY NOT A CREDITOR, NOR A PARTY IN THE UNDERLYING LAWSUIT

In general, a referee appointed in a state court action does not have any standing to bring a claim on behalf of a creditor. The referee's role is to oversee certain aspects of a case and make recommendations to the court. Their powers and duties are typically outlined in the court order appointing them and they usually do not have the power to initiate legal actions on behalf of other parties.

Standing, in a legal context, refers to the ability of a party to bring a lawsuit in court based upon their stake in the outcome. In most jurisdictions, to have standing, a party must have suffered a direct injury or harm, and that harm must be redressable by the court. For a creditor's claim, typically the creditor itself or a legally appointed representative of the creditor, such as a trustee in a bankruptcy case, would have standing to bring the claim.

### E. CONCLUSION

Debtor respectfully request that the motion be denied outright. However, if the court is not inclined to deny the motion then to continue the matter to allow the Adversary Proceeding to be filed and make a judicial decision as to the Debtor's interest in the property. This matter is being brought on an ex parte basis, giving the Debtor and counsel to provide full documentation prior to 2 pm on June 12, 2023. However, Debtor hereby submits the basis of the opposition timely and will give supporting documentation before the end of the day.

Date:  June 12, 2023                                Respectfully submitted,

                                                    Renay G. Rodriguez, Esq.
                                                    Attorneys for Debtor
                                                    JONATHAN J. DECKEL

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
21000 Devonshire Street, Suite 111
Chatsworth, CA 91311

A true and correct copy of the foregoing document entitled (specify): __**RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT**__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) __June 12, 2023 at 1:45 pm or shortly thereafter but no later than 2:00 p.m.__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (date) __6/12/2023 before 2:00 p.m.__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Black C. Alsbrook - Balsbrook@ecjlaw.com
Chase A. Stone - CStone@ecjlaw.com
Jonathan J. Deckel - nortonaptsweho@gmail.com

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 12, 2023 | R. Grace Rodriguez, Esq. | /s/ |
|---|---|---|
| Date | Printed Name | Signature |